# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHER DISTRICT OF ILLINOIS

In Re the Marriage of

| | | |
|---|---|---|
| SABRINA DANLEY | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CASE NO: |
| -vs- | ) | |
| | ) | FILED: MARCH 26, 2008 |
| MICHAEL DANLEY | ) | 08CV1760        TC |
| | ) | JUDGE KENNELLY |
| Respondent, | ) | MAGISTRATE JUDGE VALDEZ |
| | ) | |
| AETNA LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Third-Party Respondent. | ) | |
| | ) | |

_____

## NOTICE OF REMOVAL AND REMOVAL BY AETNA LIFE INSURANCE COMPANY
_____

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441(a)-(c), and 1446, Third-Party Respondent, AETNA LIFE INSURANCE COMPANY ("Aetna") hereby removes the action entitled *In Re The Marriage of Sabrina Danley and Michael Danley and Aetna Life Insurance Company*, in the Circuit Court of Cook County, Illinois, Case No. 95 D 16041 ("the Action"), to the United States District Court for the Northern District of Illinois, on the following grounds:

1.    <u>Aetna's Removal is Timely.</u>  Petitioner, SABRINA DANLEY ("Petitioner") filed a Complaint to Join Third-Party Respondent ("Complaint") on February 25, 2008.  Aetna was served with a copy of the Summons and Complaint in the Action on February 27, 2008.  A true and correct

1

copy of the Complaint is attached hereto as Exhibit A.

2.    This Court has Removal Jurisdiction Over This Action. The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Aetna pursuant to 28 U.S.C.§ 1441(b), because Petitioner's Complaint seeks to determine the rights of beneficiaries under the terms of an employer-sponsored life insurance policy that is governed by the Employee Retirement Income Security Act of 1974, § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B), a claim that is created by and arises under federal law. ERISA defines an "employee welfare benefit plan" as follows:

> ...any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, **to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants and their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits,** apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1). The Plan is an insured plan that provides, *inter alia*, benefits to participants and beneficiaries of the Plan in the event of death. Therefore, it is an "employee welfare benefit plan" subject to the provisions of ERISA.

Petitioner alleges the following in her Complaint:

(1)    A Judgment for Dissolution of Marriage was entered in the Circuit Court of Cook County in the Action on February 22, 1996. (Complaint ¶1).

(2)    On June 24, 2007 an Order for Support was entered which provided that the Respondent, Michael Danley ("Respondent") provide child support to the parties' child, Ayesha Danley ("Ayesha") in the amount of $81.86 per week. (Complaint ¶3).

2

(3)        Respondent failed to pay child support and is in arrears in the amount of $25,540.32 plus statutory interest in the amount of $2,298.63, for a total sum of $27,838.95. (Complaint ¶4).

(4)        On January 12, 2008, Ayesha died.   (Complaint ¶5).

(5)        Ayesha had a life insurance policy #622733 ("Policy") issued by Aetna through Ayesha's employment at Sunrise Senior Living and that the policy provided that the beneficiaries would be Petitioner and Respondent. (Complaint ¶6). A true and correct copy of the Policy is attached as Exhibit B.

(6)        Respondent's share of the life insurance policy is approximately $30,000.00 and that Respondent's share of the life insurance policy can satisfy the child support arrearages and interest that he owes to the Petitioner. (Complaint ¶¶7-9).

(7)        It is necessary that Aetna be named as a third-party respondent in order to secure the Respondent's life insurance proceeds that Aetna is about to pay to Respondent under the terms of the Policy.  (Complaint ¶10).

On February 20, 2008, a temporary restraining order was entered in the Circuit Court of Cook County and said order enjoined and restrained Aetna from disbursing funds due Respondent under the terms of the Policy.  A true and correct copy of the February 20, 2008 Order is attached as Exhibit C.  On March 5, 2008, a preliminary injunction was entered in the Circuit Court of Cook County which enjoined and restrained Aetna from disbursing funds due Respondent under the terms of the Policy.  Petitioner seeks to have the state court enjoin Aetna from disbursing the benefits from an ERISA-covered plan. Therefore, this Action presents a federal question under ERISA and removal to the United States District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. §1441(b). To the extent that Petitioner's cause of action to recover the child support arrearage from Respondent may arise under state law, supplemental jurisdiction over said claim exists pursuant to 28 U.S.C. §§ 1367 and 1441(c). Aetna has neither served any pleadings nor made any appearance or argument in the Action pending before the Circuit Court of Cook County.

3.        The Claims Upon Which Aetna's Removal Is Based Are Separate And Independent

3

<u>From Claims Against Respondent.</u>    Respondent's consent to removal is not necessary here because removal jurisdiction is based upon claims that are separate and independent from the claim asserted against Respondent.  *See* 28 U.S.C. § 1441(c); *Henry v. Independent Am. Sav. Ass'n*, 857 F.2d 995, 999 (5th Cir. 1988)("if one defendant's removal petition is premised on removable claims 'separate and independent' from the claims brought against the other defendants, consent of the other defendants is not required").  "The relevant inquiry to examine the propriety of removal under § 1441(c) is two-pronged: first, whether the claims against the removing defendants would be removable if sued upon alone; and second, whether those removable claims are separate and independent from all non-removable claims." *Lemke v. St. Margaret Hospital*, 552 F.Supp. 833, 840 (N.D. Ill. 1982).

In the Complaint, Petitioner seeks to recover from Respondent an arrearage in child support in the amount of $27,838.95.  (Complaint ¶4). Petitioner's lawsuit in this regard is a purely state law action. Petitioner also seeks to enjoin Aetna from disbursing to Respondent, funds from an employee-sponsored life insurance policy, an action that is covered by ERISA.  (Complaint ¶10). If the Petitioner had only filed suit against Aetna to enjoin the disbursement of the funds under the Policy, that lawsuit would have indisputably been removable under ERISA, 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b).  Further, the claim against Aetna is separate and independent from Petitioner's efforts to collect the child support arrearage from Respondent.  Therefore, removal under 28 U.S.C. § 1441(c) is proper.

4.    <u>Notice Has Been Effected.</u>  A copy of this Notice of Removal is being filed with the Circuit Court of Cook County and concurrently served on Petitioner's counsel of record.

Respectfully submitted,
s/Philip S. Holloway
Philip S. Holloway
35 East Wacker Drive, Suite 500
Chicago, IL 60601
Phone 312- 236-0475
Fax     312-236-1750
E-mail: philip_holloway@gshllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: N/A and I certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Michael P. Wittenberg
LeVine, Wittenberg & Shugan
18400 Maple Creek Drive, #600
Tinley Park, IL 60477

Michael Danley
8454 S. 86th Avenue, #109
Justice, IL 60458

s/Philip S. Holloway
Philip S. Holloway
35 East Wacker Drive, Suite 500
Chicago, IL 60601
Phone 312- 236-0475
Fax      312-236-1750
E-mail:  philip_holloway@gshllc.com

Philip S. Holloway
Gonzalez, Saggio and Harlan, L.L.C.
35 East Wacker Drive, Suite 500
Chicago, IL 60601
(312) 566-0040
(312) 566-0041
Philip_holloway@gshllc.com

**COUNSEL FOR THIRD-PARTY RESPONDENT AETNA LIFE INSURANCE COMPANY**

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION**

| | | |
|---|---|---|
| SABRINA DANLEY, | ) | 08CV1760          TC |
| | ) | JUDGE KENNELLY |
| Petitioner, | ) | MAGISTRATE JUDGE VALDEZ |
| | ) | |
| v. | ) | Court No. 95 D 16041 |
| | ) | |
| MICHAEL DANLEY, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| AETNA LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Third-Party Respondent. | ) | |

**NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION**

| **TO:** | Clerk of the Circuit Court of Cook County, County Department, Domestic Relations 50 W. Washington Street Chicago, IL 60602 |
|---|---|

PLEASE TAKE NOTICE that there was filed on the 26th day of March, 2008, with the

Clerk of the United States District Court for the Northern District of Illinois, Third-Party

Respondent Aetna Life Insurance Company's Notice of Removal of Civil Action, a true copy of

which is attached hereto and served upon all parties of record.

AETNA LIFE INSURANCE COMPANY

By: _____
One of its attorneys

Philip S. Holloway (#43419)
Gonzalez, Saggio and Harlan, L.L.C.
35 East Wacker Drive, Suite 500
Chicago, Illinois 60601
Phone: 312.236.0475
Fax: 312.236.1750

## CERTIFICATE OF SERVICE ON COUNSEL
## AND FILING WITH THE STATE COURT

Philip S. Holloway, an attorney, certifies that the foregoing Notice of Filing, together with Third-Party Respondent Aetna Life Insurance Company's Notice of Removal of Civil Action, were served upon all counsel of record and filed with the Clerk of the Circuit Court of Cook County, Illinois, on the 26th day of March, 2008.

Philip S. Holloway

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

08CV1760          TC

JUDGE KENNELLY

MAGISTRATE JUDGE VALDEZ

IN RE THE         XX MARRIAGE  CUSTODY
SUPPORT OF:

NO: 95 D 16041
CALENDAR:

SABRINA DANLEY
Petitioner

Please serve RA of Third Party Respondent at:

Aetna Health of Illinois, Inc.
c/o C T Corporation System
208 S. LaSalle St., #814
Chicago, IL 60604

AND

MICHAEL DANLEY
Respondent

AETNA LIFE INSURANCE COMPANY
Third Party Respondent

| 2120- | Summons – Retd. P.S. | | 2220- | Summons – Retd. N.S. |
|---|---|---|---|---|
| 2121- | Alias Summons – Retd. P.S. | | 2221- | Alias Summons – Retd. N.S. |
| 2700- | Return of Service P.S. – Ord. Of Protect. | | 2702- | Return of Service N.S. – Ord. Of Prot. |

**SUMMONS**

TO THE THIRD PARTY RESPONDENT:
    The Petitioner has filed suit against you for one or more of the following:
Complaint to Join Third Party Respondent and Other Relief  AND  Emergency Petition for Temporary Restraining Order and
Preliminary Injunction

YOU ARE SUMMONED and required to file your WRITTEN APPEARANCE AND RESPONSE in the Office of the Clerk of the
Circuit Court Located at:

XX Richard J. Daley Center, Room 802, Chicago, IL 60602    District 2: 5600 Old Orchard Rd., Skokie, IL  60077
District 3: 2121 Euclid, Rolling Meadows, IL  60008    District 4: 1500 Maybrook Dr., Maywood, IL 60153
District 5: 10220 S. 76th Ave., Bridgeview, IL 60455    District 6: 16501 S. Kedzie Pkwy, Markham, IL 60426
not later than  7 days after service of this summons, not counting the day of service.

IF YOU FAIL TO FILE YOUR WRITTEN APPEARANCE WITHIN THE TIME STATED ABOVE, A DEFAULT JUDGMENT
MAY BE ENTERED AGAINST YOU AND THE COURT MAY GRANT THE PETITIONER ALL OR PART OF THE RELIEF
THAT SHE OR HE IS REQUESTING IN HER OR HIS PETITION.

TO THE OFFICER:  This summons must be returned by the officer or other person to whom it was given for service, with
endorsement thereon of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be returned
so endorsed.

WITNESS, _____ FEB 25 2008 _____, 20 ____

Dorothy Brown, Circuit Court Clerk

Date of Service: _____
{To be inserted by officer on copy left with Respondent or other person}

Michael P. Wittenberg
LeVine, Wittenberg & Shugan
Attorney for Petitioner
18400 Maple Creek Drive, #600
Tinley Park, IL  60477
708-444-4333

**SEE REVERSE SIDE**

**Service by Facsimile Transmittal will be accepted at: _____
                                    (Area Code) (Facsimile Telephone Number)

2-27-08
10:22 AM

Firm 25158

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF )
)
SABRINA DANLEY, )
)
      Petitioner, )
)
and )    No. 95 D 16041
)
MICHAEL DANLEY, )
)
      Respondent. )

### COMPLAINT TO JOIN THIRD
### PARTY RESPONDENT AND OTHER RELIEF

Now comes the petitioner, SABRINA DANLEY, by her attorney,
Michael P. Wittenberg of LeVine, Wittenberg & Shugan, and in
support of her Complaint to Join Third Party Respondent and Other
Relief, states as follows:

1.    That a Judgment for Dissolution of Marriage was entered
in the above entitled cause on February 22, 1996 by the Honorable
Judge Leida Santiago.

2.    That pursuant to the Judgment for Dissolution of
Marriage, child support for the parties child, namely; Ayesha
Danley, born July 9, 1985, was reserved.

3.    That subsequent thereto on June 24, 1997, an Order for
Support was entered in this cause, which provided for the
respondent, Michael A. Danley, to pay the sum of $81.86 per week
for current support.

4.    That since the entry of the support order of June 24,
1997, except for approximately 4 weeks, your respondent, MICHAEL
A. DANLEY, has failed to pay the $81.86 per week child support
amount, and therefore, is in arrears in the payment of child

support in the amount of $25,540.32 plus statutory 9% interest of $2,298.63, for a total sum of $27,838.95.

5.    That on January 12, 2008, the parties child, Ayesha Danley, died.

6.    That Ayesha Danley had a life insurance policy through her employment at Sunrise Senior Living with Aetna Life Insurance Company, policy number 622733 wherein the beneficiaries are your petitioner, Sabrina Danley, and the respondent, Michael Danley.

7.    That Michael Danley's share of the life insurance proceeds amount to approximately $30,000.00.

8.    That the respondent, Michael Danley, owes a total of $27,838.95 in child support arrearages, including statutory 9% interest, that he has failed to pay to your petitioner.

9.    That respondent's share of the life insurance proceeds can pay for the child support arrearages and interest that he owes to the petitioner.

10.   That, therefore, it is necessary that Aetna Life Insurance Company be named as a third party respondent to this cause in order to secure the respondent's life insurance proceeds that they are to payout to respondent.

WHEREFORE, the petitioner, SABRINA DANLEY, prays for the following relief:

A.    Enter an order naming Aetna Life Insurance Company as third party respondent in this cause with summons to issue.

B. For such other relief as this court deems equitable and just.

_(signature)_
Michael P. Wittenberg

_(signature)_
Sabrina Danley

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct.

2/11/08
Dated

_(signature)_
Sabrina Danley

LeVine, Wittenberg & Shugan
18400 Maple Creek Drive
Tinley Park, IL  60477

Firm 25158

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF                    )
                                         )
SABRINA DANLEY,                          )
                                         )
          Petitioner,                    )
                                         )
and                                      )        No. 95 D 16041
                                         )
MICHAEL DANLEY,                          )
                                         )
          Respondent.                    )
                                         )
AETNA LIFE INSURANCE COMPANY,            )
                                         )
          Third Party Respondent.        )

**EMERGENCY PETITION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Now comes the petitioner, SABRINA DANLEY, by her attorney, Michael P. Wittenberg of LeVine, Wittenberg & Shugan, and in support of her Emergency Petition for Temporary Restraining Order and Preliminary Injunction, states as follows:

1.  That a Judgment for Dissolution of Marriage was entered in the above entitled cause on February 22, 1996 by the Honorable Judge Leida Santiago.

2.  That pursuant to the Judgment for Dissolution of Marriage, child support for the parties child, namely; Ayesha Danley, born July 9, 1985, was reserved.

3.  That subsequent thereto on June 24, 1997, an Order for Support was entered in this cause, which provided for the respondent, Michael A. Danley, to pay the sum of $81.86 per week for current support.

4.  That since the entry of the support order of June 24,

1997, except for approximately 4 weeks, your respondent, MICHAEL A. DANLEY, has failed to pay the $81.86 per week child support amount, and therefore, is in arrears in the payment of child support in the amount of $25,540.32 plus statutory 9% interest of $2,298.63, for a total sum of $27,838.95.

5. That on January 12, 2008, the parties child, Ayesha Danley, died.

6. That Aetna Life Insurance Company has been added as a Third Party Respondent to this cause.

7. That Ayesha Danley had a life insurance policy through her employment at Sunrise Senior Living with Aetna Life Insurance Company, policy number 622733 wherein the beneficiaries are your petitioner, Sabrina Danley, and the respondent, Michael Danley.

8. That Michael Danley's share of the life insurance proceeds amount to approximately $30,000.00.

9. That the respondent, Michael Danley, owes a total of $27,838.95 in child support arrearages, including statutory 9% interest, that he has failed to pay to your petitioner.

10. That petitioner fears the respondent will dissipate or secrete the monies that he is to receive from Aetna Life Insurance Company, thereby depleting an asset which could be used to pay the child support arrearages.

11. That by reason of the aforesaid, the petitioner has just cause and reason to believe that unless enjoined and restrained from so doing, respondent will dissipate his share of the life insurance proceeds and never pay the child support arrearages and interest that is due her to such end that the

petitioner will be irreparably harmed, damaged, and prejudiced in that the monies will no longer be available for respondent to pay the petitioner for the child support arrearages and interest that is due her pursuant to the support order of June 24, 1997.

12. That the petitioner demonstrates complete fulfillment of all requirements for a Temporary Restraining Order and a Preliminary Injunction, as set forth in Jefco Laboratories, Inc. v. Carroo, 136 Ill. App. 3rd 793, 483, N.E. 2nd 999 (1985), is established as follows:

a. That the petitioner will suffer irreparable injury if no injunction is issued unless Aetna Life Insurance Company is restrained from paying out the respondent's share of the life insurance proceeds during the pendency of this action. If the respondent spends all of his share of the life insurance proceeds and fails to pay the child support arrearages and interest, petitioner has no adequate remedy at law; her injury, i.e., failing to be paid child support arrearages and interest, will not be compensable by a money judgment. She has, therefore, established the inadequacy of the legal remedy and the inadequacy of a money judgement to compensate her for her loss; Bio-Medical Laboratories v. Trainor, 68 Ill, 2d 540, 370 N.E. 2d 233 (1977).

b. That the petitioner has described precisely the injury that will occur if Aetna Life Insurance Company is not enjoined from receiving paying to respondent his share of the life insurance proceeds. Mingare v. DeVito, 67 Ill. App. 3d 371, 385 N.E. 2d 20 (1978).

c. That the petitioner, on the basis of the verified facts stated above, has shown that she has a great likelihood of success on the merits. Chicago Park District v. City of Chicago, 127 Ill. App. 3d 215, 468 N.E. 2d 126 (1984); In Re The Marriage Of Smith, 128 Ill. App. 3d 1017, 417 N.E. 2d 1008 (1984)

d. Failure of this Court to act to preserve assets for distribution upon the entry of final judgment will cause disproportionately greater harm to the petitioner than an Order of Injunction would cause the respondent; unless Aetna Life Insurance Company is prevented paying to the respondent his share of the life insurance proceeds, the petitioner will be foreclosed from

receiving what the respondent has previously been ordered to pay. However, restraining Aetna Life Insurance Company from paying out to respondent his share of the life insurance proceeds will not cause him any harm whatsoever. Scott and Fetzer Co. v. Kahn, 74 Ill. App. 3d 400, 393 N.E. 2d 102 (1979).

13. That your petitioner, SABRINA DANLEY, has an inadequate remedy at law and will suffer irreparable harm unless the third party respondent, AETNA LIFE INSURANCE COMPANY, is enjoined and restrained from paying to the respondent his share of the life insurance proceeds.

14. That this matter is an emergency in that payment of said insurance proceeds are imminent.

WHEREFORE, the petitioner, SABINA DANLEY, respectfully prays for the following relief:

A. For the entry of an Order against AETNA LIFE INSURNACE COMPANY enjoining and restraining them, through the means of a Temporary Restraining Order and Preliminary Injunction, from paying to the respondent, MICHAEL DANLEY, any checks payable to MICHAEL DANLEY from the life insurance proceeds of Ayesha Danley, under Aetna Life Insurance Policy #622733 until further Order of this Court.

B. For the entry of the above orders without the giving of bond therefore by the petitioner.

C. For such other further relief as equity may require and which, to this Court, appears reasonable and just.

_Sabrina Danley_
Sabrina Danley

_Michael P. Wittenberg_
Michael P. Wittenberg

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct.

2-16-08
Dated

*Sabrina Danley*
Sabrina Danley

LeVine, Wittenberg & Shugan
18400 Maple Creek Drive
Tinley Park, IL  60477
708-444-4333

Firm 25158

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

| | |
|---|---|
| IN RE THE MARRIAGE OF ) | |
| SABRINA DANLEY, ) | |
| Petitioner, ) | |
| and ) | No. 95 D 16041 |
| MICHAEL DANLEY, ) | |
| Respondent. ) | |
| AETNA LIFE INSURANCE COMPANY, ) | |
| Third Party Respondent. ) | |

## AFFIDAVIT OF SABRINA DANLEY

Now comes your affiant, on oath, and states as follows:

1.    That I am the petitioner in the above entitled cause.

2.    That a Judgment for Dissolution of Marriage was entered in the above entitled cause on February 22, 1996 by the Honorable Judge Leida Santiago.

3.    That pursuant to the Judgment for Dissolution of Marriage, child support for the parties child, namely; Ayesha Danley, born July 9, 1985, was reserved.

4.    That subsequent thereto on June 24, 1997, an Order for Support was entered in this cause, which provided for Michael A. Danley to pay the sum of $81.86 per week for current support.

5.    That since the entry of the support order of June 24, 1997, except for approximately 4 weeks, MICHAEL A. DANLEY has failed to pay the $81.86 per week child support amount, and therefore, is in arrears in the payment of child support in the amount of $25,540.32 plus statutory 9% interest of $2,298.63, for a total sum of $27,838.95.

6.    That on January 12, 2008, my daughter, Ayesha Danley, died.

7.    That Aetna Life Insurance Company has been added as a Third Party Respondent to this cause.

8.    That Ayesha Danley had a life insurance policy through her employment at Sunrise Senior Living with Aetna Life Insurance Company, policy number 622733 wherein the beneficiaries are both

myself and the respondent, Michael Danley.

9.    That Michael Danley's share of the life insurance proceeds amount to approximately $30,000.00.

10.    That Michael Danley owes me a total of $27,838.95 in child support arrearages, including statutory 9% interest, and that he continues to refuse to pay me.

11.    That I fear Michael Danley will dissipate or secrete the monies that he is to receive from Aetna Life Insurance Company, thereby depleting an asset which could be used to pay the child support arrearages.

12.    That by reason of the aforesaid, I have just cause and reason to believe that unless enjoined and restrained from so doing, Michael Danley will dissipate his share of the life insurance proceeds and never pay the child support arrearages and interest that is due me to such end that I will be irreparably harmed, damaged, and prejudiced in that the monies will no longer be available for Michael to pay me for the child support arrearages and interest that is due me pursuant to the support order of June 24, 1997.

13.    That I demonstrate complete fulfillment of all requirements for a Temporary Restraining Order and a Preliminary Injunction, as set forth in Jefco Laboratories, Inc. v. Carroo, 136 Ill. App. 3rd 793, 483, N.E. 2nd 999 (1985), is established as follows:

a.    That the petitioner will suffer irreparable injury if no injunction is issued unless Aetna Life Insurance Company is restrained from paying to the respondent his share of the life insurance proceeds during the pendency of this action. If the respondent spends all of his share of the life insurance proceeds and fails to pay the child support arrearages and interest, petitioner has no adequate remedy at law; her injury, i.e., failing to be paid child support arrearages and interest, will not be compensable by a money judgment. She has, therefore, established the inadequacy of the legal remedy and the inadequacy of a money judgement to compensate her for her loss; Bio-Medical Laboratories v. Trainor, 68 Ill, 2d 540, 370 N.E. 2d 233 (1977).

b.    That the petitioner has described precisely the injury that will occur if Aetna Life Insurance Company is not enjoined from paying to the respondent his share of the life insurance proceeds. Mingare v. DeVito, 67 Ill. App. 3d 371, 385 N.E. 2d 20 (1978).

c.    That the petitioner, on the basis of the verified facts stated above, has shown that she has a great likelihood of success on the merits. Chicago Park District v. City of Chicago, 127 Ill. App. 3d 215,

468 N.E. 2d 126 (1984); <u>In Re The Marriage Of Smith</u>, 128 Ill. App. 3d 1017, 417 N.E. 2d 1008 (1984)

d.  Failure of this Court to act to preserve assets for distribution upon the entry of final judgment will cause disproportionately greater harm to the petitioner than an Order of Injunction would cause the respondent; unless the respondent is prevented from receiving his share of the life insurance proceeds, the petitioner will be foreclosed from receiving what the respondent has previously been ordered to pay. However, restraining respondent from receiving his share of the life insurance proceeds will not cause him any harm whatsoever. <u>Scott and Fetzer Co. v. Kahn</u>, 74 Ill. App. 3d 400, 393 N.E. 2d 102 (1979).

14.  That I have an inadequate remedy at law and will suffer irreparable harm unless the third party respondent, AETNA LIFE INSURANCE COMPANY is enjoined and restrained from paying out to the respondent his share of the life insurance proceeds.

15.  That this matter is an emergency in that payment of said insurance proceeds are imminent.

Further, this Affiant sayeth not.

_Sabrina Danley_
Sabrina Danley

Subscribed and sworn to before me
this ___ of February 2008.

_Mary L. Berumen_
Notary Public

OFFICIAL SEAL
MARY L BERUMEN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/17/08

08CV1760          TC
JUDGE KENNELLY
MAGISTRATE JUDGE VALDEZ

# *Your*

# *Group*

# *Plan*

**Sunrise Senior Living, Inc.**

**Life and AD&PL**

# Table of Contents

---

Summary of Coverage ................................................... Issued With Your Booklet

Your Group Coverage Plan .................................................................................. 1

Life Insurance ..................................................................................................... 2

Accidental Death and Personal Loss Coverage ................................................... 6

Effect Of Benefits Under Other Plans ............................................................... 12

   Effect of Prior Coverage - Transferred Business ........................................... 12

General Information About Your Coverage ....................................................... 13

Glossary ........................................................................................................... 18
   (Defines the Terms Shown in Bold Type in the Text of This Document.)

Note: The codes appearing on the left side of certain blocks of text are required by the Department of Insurance.

# Your Group Coverage Plan

This Plan is underwritten by the Aetna Life Insurance Company, of Hartford, Connecticut (called Aetna). The benefits and main points of the group contract for persons covered under this Plan are set forth in this Booklet. They are effective only while you are covered under the group contract.

If you become covered, this Booklet will become your Certificate of Coverage. It replaces and supersedes all Certificates issued to you by Aetna under the group contract.

*Ronald A. Williams*

President

Group Policy:   GP-622733
Cert. Base:     3
Issue Date:     September 28, 2006
Effective Date: September 1, 2006

**This Certificate may be an electronic version of the Certificate on file with your Employer and Aetna Life Insurance Company. In case of any discrepancy between an electronic version and the printed copy which is part of the group insurance contract issued by Aetna Life Insurance Company, or in case of any legal action, the terms set forth in such group insurance contract will prevail. To obtain a printed copy of this Certificate, please contact your Employer.**

*0020*

GR-9

# Life Insurance

---

This Plan will pay as a Life Insurance benefit the amount of Life Insurance in force for you if you die while insured.  You name your beneficiary.  You may change your choice at any time.

*0420*

## Accelerated Death Benefit

If, while covered under this Plan for Life Insurance:

- you become terminally ill; or
- your spouse becomes terminally ill;

you may request that Aetna pay an Accelerated Death Benefit (herein called ADB).  Upon Aetna's approval of any such request, Aetna will pay to you the amount of ADB; subject to all of the following terms.

A person is terminally ill if the person:

- suffers from an incurable, progressive, and medically recognized disease or condition; and
- to a reasonable medical probability and based on a generally accepted prognostic protocol, will not survive more than the ADB Months beyond the date of the request for an ADB.

You may request an ADB on your own behalf or on behalf of your spouse at any time by completing an Aetna Request For Accelerated Death Benefit Form and submitting it to Aetna.  The request must include the statement of a currently licensed United States physician that:

- you are terminally ill; or
- your spouse is terminally ill.

The physician's statement must include:

- all medical test results;
- laboratory reports; and
- any other information on which the statement is based, including the generally accepted prognostic protocol used by the physician to determine the person's expected remaining life span.

Your request for an ADB must state the amount of the benefit requested.  You may request as an ADB up to the ADB Percentage of the amount of Life Insurance then in force for the person for whom you are making the request; but in no event may the requested amount of ADB be equal to:

- less than the ADB Minimum; or
- more than the ADB Maximum.

You may request an ADB under this Plan:

- only once on your own behalf; and
- only once on behalf of any one spouse.

If, by assignment or otherwise, someone other than you is the owner of your Life Insurance Coverage or the Life Insurance Coverage of your spouse, an ADB will not be available under this Plan for or on behalf of such person.

GR-9                                    2

If, during the ADB Months following the date of your request for an ADB, the amount of your Life Insurance would reduce due to the attainment of a specified age or retirement, the ADB amount will be calculated by multiplying the percentage that you have requested by the amount of Life Insurance that would remain in effect after any reduction.

The amount of ADB payable to you will be reduced by an interest charge equal to the sum of daily interest that would have accrued on such amount during ADB Months which begins on the date the ADB is paid.

The interest rate used to calculate the interest charge will not exceed the current yield on 90-day United States Treasury bills on the date the ADB payment is requested.

When your request for an ADB on your own behalf or on behalf of your spouse has been approved, the amount of Life Insurance then in force for such person will be reduced by the amount of ADB that would have been payable in the absence of any interest charge. Any person whose amount of Life Insurance has been so reduced, will not be entitled to the Conversion of Life Insurance for the amount of Life Insurance that ceases because of the reduction.

In considering your request for an ADB, Aetna may require you or your spouse, at Aetna's expense, to submit to an independent medical exam by a physician chosen by Aetna. Aetna may suspend its review of a request for an ADB until the exam has been completed and the results submitted to Aetna.

Aetna may refuse your request for an ADB if:

- prior to Aetna's receipt of approval of the request:

  the group contract terminates as to your Eligible Class (even though all or part of your Life Insurance Coverage or the Life Insurance Coverage of your spouse continues for any reason); or

  the entire amount of Life Insurance of the person for whom request is made ceases under the group contract for any reason; or

- prior to payment of the ADB, the person for whom request is made dies.

Upon approval by Aetna, the amount of ADB will be paid to you in a lump sum.

To the extent allowed by law:

- any ADB paid to you is exempt from any legal or equitable process for your debts or the debts of your spouse; and
- you will not be required to request an ADB in order to satisfy claims of creditors.

*7611, 7612, 7613, 7614*

## Life Insurance For Your Dependents
An amount of life insurance is payable to you if one of your dependents dies while insured. If you are not living at the time of payment, it will be made to your executors or administrators. At Aetna's option, it may be paid to your wife or husband.

The following dependents are not eligible:

- Those in full-time active military service.
- Children who are not born alive.

*0480*

## Life Insurance Portability
The terms of this provision apply only to an amount of Life Insurance which is fully contributory (i.e., you pay the total cost) and which:

- for you, is at least $ 5,000;
- for your spouse, is at least $ 1,000; and
- for your dependent child, is at least $ 1,000.

In no event, however, will the terms of this provision apply:

- to you if you are in an Eligible Class for which Life Insurance coverage under the group contract is terminated and replaced by like coverage under another policy;
- to you if you are in an Eligible Class for which coverage under the group contract is terminated because your Employer has gone out of business; and
- to any amount of a person's Life Insurance that has been converted to an individual life policy in accordance with this Plan's Conversion of Life Insurance provision.

This Plan's Conversion of Life Insurance provision does not apply to any amount of a person's Life Insurance for which a person elects coverage under this provision, but may be available for:

- any amount of a person's Life Insurance to which the terms of this provision do not apply;
- any amount of a person's Life Insurance to which the terms of this provision apply, but for which you do not elect coverage under this provision; or
- any amount of a person's Life Insurance in force under this provision that ceases because of age.

## Your Life Insurance

If your Life Insurance coverage ceases because your employment ceases or you are no longer in a class eligible for Life Insurance coverage, you may elect coverage under this provision; provided however, that:

- the amount of your Life Insurance will be determined in accordance with the Amount of Insurance section of this provision;
- on the date of the change to portability status, your age will not exceed the Eligibility Age; and
- on the day your coverage ceases you are not ill or injured and away from work.

## Life Insurance For Your Dependents

If Life Insurance coverage for a dependent ceases because your employment ceases or you are no longer in a class eligible for Dependent Life Insurance, you may elect coverage under this provision for the amount of insurance that is subject to this provision, but only if:

- you elect coverage for yourself under this provision; and
- on the date of the change to portability status, the dependent's age will not exceed the applicable Eligibility Age.

*11005*

## Eligibility Age

The Eligibility Age is:

- for you, 98;
- for your dependent spouse, 64; and
- for your dependent child, the age which is one year younger than the age at which he or she will cease to meet the Plan's definition of dependent.

## General Information Concerning Portability

In order to elect coverage for a person under this provision, written request must be made and the first premium contribution must be paid within 31 days after insurance ceases. Coverage will become effective at the end of the 31 day period during which election of coverage is possible. Such date is a person's "Portability Date".

All of the terms and conditions of this Plan that apply to Life Insurance coverage apply to coverage continued under this provision except as otherwise stated in this provision.

## Amount of Insurance

The amount of a person's Life Insurance will be limited to the lesser of: the amount of insurance that was in force for the person on the day before his or her eligibility for coverage under this provision; and the amounts shown below:

- $ 500,000 as to you;
- $ 25,000 as to your spouse; and
- $ 5,000 as to your dependent child.

GR-9                                                      4

It will not increase; as to coverage for your spouse and dependent child, it will not decrease.

However, as to coverage for you only, you may elect an amount of Life Insurance under this provision that is less than the amount as determined above; provided that:

- the amount is an amount of Life Insurance available under this Plan for your classification;
- such decrease may take effect only on your Portability Date;
- such decreased amount may not be an amount that is less than the amount in force under this provision for your spouse or dependent child; and
- such decreased amount may not be an amount in relation to the amount for your spouse or dependent child that is not permitted by any applicable law.

On the January 1, next following the date you reach age 65, your Life Insurance amount will be reduced by 35%. Thereafter, the amount of your Life Insurance will be reduced by 60% at age 70, and, by 75% at age 75, but not below $ 5,000.

*11006*

### Accelerated Death Benefit
In no event will the terms of the Accelerated Death Benefit provision apply to Life Insurance in force under this provision.

*11007*

### Premium Contributions
The rate of premium contribution will change for any insurance in force for a person under this provision on the person's Portability Date. The rate of premium contribution is subject to another change on the next January 1 and on each January 1 thereafter.

Premium contributions will be paid directly to Aetna and will be subject to a direct billing charge. The amount of the charge may be adjusted by Aetna, but not more than once a year.

### Termination of Coverage
A person's Life Insurance in force under the terms of this provision will cease on the first to occur of:

- The end of a 31 day period following the date the required premium contribution for the coverage is due and not made.
- The date of your death.
- The first anniversary of your Portability Date next following the date you reach age 99.
- As to coverage for your spouse, the first anniversary of his or her Portability Date next following the date your spouse reaches age 65.
- As to coverage for your dependent child, the first anniversary of his or her Portability Date next following the date such person reaches his or her Eligibility Age.
- As to coverage for your spouse or your dependent child, the date such person is no longer a defined dependent.

*11007*

# Accidental Death and Personal Loss Coverage

This Plan pays a benefit if, while insured, a person suffers a bodily injury caused by an accident; and if, within 365 days after the accident and as a direct result of the injury, he or she loses:

- His or her life.
- A hand, by actual severance at or above the wrist joint.
- A foot, by actual severance at or above the ankle joint.
- An eye, involving irrecoverable and complete loss of sight in the eye.
- His or her speech or hearing; the loss must be total and deemed permanent.
- The thumb and index finger of the same hand, by actual severance of entire digit.
  Loss of thumb and index finger means complete severance through or above the metacarpophalangeal joint of both digits.

A total loss of speech or hearing will be deemed permanent if the loss has been present for 12 consecutive months, unless an attending physician states otherwise.

Loss of life due to exposure to natural or chemical elements will be deemed to be accidental if the exposure was a direct result of an accident.

If:

- a person disappears as a direct result of the accidental disappearance, wrecking, or sinking of the conveyance in which he or she was an occupant; and
- there is no contrary evidence about the circumstances of the disappearance within one year of the accident;

the disappearance will be deemed an accidental death.

This Plan also pays a benefit if, while insured, a person suffers a bodily injury in an accident and if, as a direct result of the accident, suffers a full thickness **third degree burn** caused by direct contact with a chemical, fire, steam, water or heat (except sunburns) or, within 30 days after the accident and as a direct result of the injury, he or she is stricken with one of the following forms of paralysis:

- Quadriplegia - the entire and irrecoverable paralysis of both upper and lower limbs.
- Paraplegia - the entire and irrecoverable paralysis of both lower limbs.
- Hemiplegia - the entire and irrecoverable paralysis of the upper and lower limbs on one side of the body.
- Uniplegia - the entire and irrecoverable paralysis of one limb.

A limb means the entire arm or leg.

The Principal Sum for loss of a dependent's life is payable to you.

The following dependents are not eligible:

- Those in full-time active military service.
- Those age 65 or over.
- Children less than 14 days of age.

*11037*

GR-9                                                                    6

## Benefit

The full Principal Sum is payable for loss of life.

The full Principal Sum is payable for loss of both hands, both feet, or both eyes.

The full Principal Sum is payable for loss of both hearing and speech.

The full Principal Sum is payable for quadriplegia.

The full Principal Sum is payable for **third degree burns** covering 75% or more of the body.

Half the Principal Sum is payable for loss of either hearing or speech.

Half the Principal Sum is payable for loss of a hand, loss of a foot, or loss of an eye.

Half the Principal Sum is payable for paraplegia or for hemiplegia.

Half the Principal Sum is payable for **third degree burns** covering 50% to 74% of the body.

One quarter of the Principal Sum is payable for loss of the thumb and index finger of the same hand.

One quarter of the Principal Sum is payable for uniplegia.

No more than the full Principal Sum is payable for all losses listed above resulting from one accident.

*11038*

## Total Disability Benefit

If you become totally disabled as defined below because of an accident of the type covered by this benefit section and that disability is continuous from the date of the accident until your death, Aetna will pay your beneficiary the amount of your Principal Sum if all of the following are true:

- You are not able to work at your own job.
- You are not able to work at any other job for pay or profit.
- You are under age 60 at the time of the accident.
- You die while this group policy is in effect.
- Your Employer continues to make premium payments for your coverage.

If a death benefit is payable, it will be reduced by any other benefit which is payable under this benefit section because of the same accident.

Written notice of your death must be given to Aetna at its Home Office within 12 months of your death. If it is not given, Aetna will not have to pay this benefit.

*11038*

## Additional Accidental Death Benefits

The following benefits will be payable if, while insured, a person suffers a bodily injury caused by an accident and if, within 365 days after the accident, he or she suffers a loss of life solely and as a direct result of the accident.

*11039*

## Coma Benefit

If, while insured, a person suffers a bodily injury caused by an accident and if, within 30 days after the accident, he or she becomes **comatose** solely and as a direct result of the accident, Aetna will pay a monthly benefit provided the person is continually **comatose** for at least 30 consecutive days.

Proof that the person is **comatose** must be submitted to Aetna no later than 60 days after the date he or she becomes **comatose.**

GR-9                                                    7

The first monthly benefit will be payable on the first day of the month following the date he or she has been continually **comatose** for at least 30 days.

The monthly benefit is the Coma Benefit Percentage less any benefit amount paid or payable under this benefit section for any loss the covered person suffers as a direct result of a bodily injury caused by the same accident. The monthly benefit is payable for 11 months. The full Principal Sum less any benefit amount paid or payable under this benefit section because of the same accident will be payable after the covered person has been continually **comatose** for 12 months.

No more than the full Principal Sum is payable for all losses resulting from the same accident.

The monthly benefit is payable for as long as the **coma** continues, until the earliest to occur of:

- failure to have any required exam;
- failure to give proof that the **coma** continues;
- the date the full Principal Sum is paid under this benefit section;
- the date the covered person is no longer **comatose**, by death, recovery, or any other change of condition, as certified by a physician; or
- termination of the group policy.

Aetna will have the right to require proof of the continuation of the **coma**. Aetna, at its own expense, also has the right to examine the covered person while the **coma** continues. Aetna will not request an exam or proof more often than twice in a 12 month period. A physician's certification will be required before the final payment is made.

Your dependent's monthly benefit is payable to you.

Your monthly benefit is payable to your named beneficiary. No benefit will be payable if:

- no named beneficiary survives you; or
- no beneficiary has been named; and
- no immediate family member to whom the benefit may be paid, at Aetna's discretion, survives you. Immediate family members are: your spouse, your children, your parents, and your brothers and sisters.

If the monthly payments are less than $20 each, the payments will be paid in one lump sum on the first day of the month following the date the covered person has been continually **comatose** for 12 months.

*11246*

## Passenger Restraint and Airbag Benefit

If a covered loss of life occurs solely and as a direct result of an accident involving a **motor vehicle** while the person:

- is an occupant of the **motor vehicle**; and
- at the time of the accident, is properly using a **passenger restraint**; and
- if the driver has, at the time of the accident, a valid driver's license;

a Passenger Restraint Benefit will be payable. If an **airbag** is also activated as a result of the same accident, an Airbag Benefit will be payable if the **motor vehicle's airbag** system is not effective in helping save the person's life it was designed to protect. Verification of the actual use of the **passenger restraint** and activation of the **airbag** system, if applicable, at the time of the loss must be part of an official report of the accident or certified, in writing, by investigating officer(s).

No Airbag Benefit will be payable unless a Passenger Restraint Benefit is paid.

*11040*

## Education Benefit
### Education Benefit for Your Dependent Child
If you or your covered dependent spouse suffer a loss of life solely and as a direct result of an accident, an Education Benefit is payable on behalf of each Dependent Child as defined below.

The Education Benefit will be payable in annual installments until the earliest to occur of:

- four years from the date of your or your spouse's death; or
- the date no dependent qualifies as a Dependent Child, as defined below; or
- the date that satisfactory proof of dependent eligibility status is not provided to Aetna within 30 days of a request for it; or
- discontinuance of the group policy.

The first Education Benefit will be paid when:

- you or your covered dependent spouse's Principal Sum becomes payable; and
- Aetna receives written proof that the Dependent Child is attending school on a regular basis.

If you and your covered dependent spouse both suffer a loss of life as a result of the same accident, only one Education Benefit, based on your Principal Sum, is payable.

Education Benefits will be paid on each anniversary of the first Education Benefit, provided Aetna receives written proof that the Dependent Child is attending school on a regular basis.

A Dependent Child means a child who is:

- your biological child; or
- your adopted child; or
- your stepchild; or
- any other child you support that lives with you in a parent-child relationship;

and, for the purposes of this benefit, is an unmarried, full-time student and

- is attending school, up to and including the 12th grade of high school; or
- is under the age of 23, and

  attending college or trade school on a regular basis at the time of your or your spouse's death; or

  enrolls in college or trade school within 365 days of your or your spouse's death.

The Education Benefit will be payable to the Dependent Child if that child has attained the age of majority. Otherwise, the Education Benefit will be payable to the guardian of the estate of the minor, or to the Custodian under the Uniform Transfer to Minors Act, or an adult caretaker, when permitted under applicable state law.

***Education Benefit for Your Spouse***
An Education Benefit will be paid to your surviving spouse for costs incurred, as a result of your death, towards employment training if your spouse has enrolled for the purpose of obtaining or supplementing an independent source of income. Written proof of your spouse's enrollment in an employment training program must be received within 365 days of your death.

The Education Benefit will be payable in annual installments until the earliest to occur of:

- four years from the date of your death; or
- the date that satisfactory proof of dependent eligibility status is not provided to Aetna within 30 days of a request for it; or
- discontinuance of the group policy.

The first Education Benefit will be paid when:

- your Principal Sum becomes payable; and
- Aetna receives written proof that your spouse is enrolled in an employment training program.

Education Benefits will be paid on each anniversary of the first Education Benefit provided Aetna receives written proof that your dependent spouse is enrolled in an employment training program.

The Education Benefit will be payable to your surviving spouse, regardless of beneficiary for your Life Insurance amount.

*11041, 11042*

GR-9                                                                 9

## Child Care Benefit

If you or your covered dependent spouse suffer a loss of life solely and as a direct result of an accident, a Child Care Benefit may be payable with respect to any Dependent Child as defined below. If the Dependent Child is enrolled in a **legally licensed child care center**, the Child Care Benefit is payable in annual installments until the earliest to occur of:

- four years from the date of you or your spouse's death; or
- the date no dependent qualifies as a Dependent Child, as defined below; or
- the date that satisfactory proof of dependent eligibility status is not provided to Aetna within 30 days of a request for it; or
- discontinuance of the group policy.

If you and your covered dependent spouse suffer a loss of life as a result of the same accident, only one Child Care Benefit will be payable based on your Principal Sum.

The first Child Care Benefit will be paid when:

- you or your spouse's Principal Sum becomes payable; and
- Aetna receives written proof that the Dependent Child is enrolled in a **legally licensed child care center**.

Child Care Benefits will be paid on each anniversary of the first Child Care Benefit, provided Aetna receives written proof that the Dependent Child is attending a **legally licensed child care center**.

For purposes of this benefit, a Dependent Child means a child who is under age 13 and is enrolled in a **legally licensed child care center** on the date of the accident or subsequently enrolled in a **legally licensed child care center** within 90 calendar days from the date of the accident and is either:

- your biological child; or
- your adopted child; or
- your stepchild; or
- any other child you support who lives with you in a parent-child relationship.

The Child Care Benefit will be payable to the guardian of the estate of the minor, or to the Custodian under the Uniform Transfer to Minors Act, or an adult caretaker, when permitted under applicable state law.

*11043*

## Repatriation of Remains Benefit

This Plan pays a Repatriation of Remains Benefit for the actual expenses incurred to prepare a person's body for transportation to a mortuary if, as a direct result of an accident for which a benefit is payable under this section, he or she suffers loss of life while outside a 200 mile radius from his or her principal place of residence.

*11046*

## Limitations

This coverage is only for losses caused by accidents. No benefits are payable for a loss caused or contributed to by:

- A bodily or mental infirmity.
- A disease, ptomaine, or bacterial infection.*
- Medical or surgical treatment.*
- Suicide or attempted suicide (while sane or insane).
- An intentionally self-inflicted injury.
- A war or any act of war (declared or not declared).
- Voluntary inhalation of poisonous gases.
- Commission of or attempt to commit a criminal act.
- Use of alcohol, intoxicants, or drugs, except as prescribed by a physician. An accident in which the blood alcohol level of the operator of a **motor vehicle** meets or exceeds the level at which intoxication would be presumed under the law of the state where the accident occurred shall be deemed to be caused by the use of alcohol.
- Intended or accidental contact with nuclear or atomic energy by explosion and/or release.

- Air or space travel.  This does not apply if a person is a passenger, with no duties at all, on an aircraft being used only to carry passengers (with or without cargo).

\* These do not apply if the loss is caused by:

  - An infection which results directly from the injury.
  - Surgery needed because of the injury.

The injury must not be one which is excluded by the terms of this section.

*11047*

GR-9                                                    11

# Effect Of Benefits Under Other Plans

---

*5030*

## Effect of Prior Coverage - Transferred Business

If the coverage of any person under any part of this Plan replaces any prior coverage of the person, the rules below apply to that part.

"Prior coverage" is any plan of group coverage that has been replaced by coverage under part or all of this Plan; it must have been sponsored by your Employer (i.e., transferred business). The replacement can be complete or in part for the Eligible Class to which you belong. Any such plan is prior coverage if provided by another group contract or any benefit section of this Plan.

A person's Life Insurance under this Plan replaces and supersedes any prior life insurance. It will be in exchange for everything under the prior life insurance. If you or your beneficiary become entitled to claim under the prior life insurance, your Life Insurance under this Plan will be canceled. This will be done as of its effective date. Any premiums paid for your Life Insurance under this Plan will be returned to your Employer.

The mode of settlement you chose and the beneficiary you named under a prior Aetna life insurance plan will apply to this Plan. This can be changed according to the terms of this Plan.

Coverage under any other section of this Plan will be in exchange for all privileges and benefits provided under any like prior coverage. Any benefits provided under such prior coverage may reduce benefits payable under this Plan.

The beneficiary you named under a prior Aetna accidental death and dismemberment coverage plan will apply to this Plan. This can be changed according to the terms of this Plan.

*6051*

# General Information About Your Coverage

## Termination of Coverage

Coverage under this Plan terminates at the first to occur of:

- When employment ceases.
- When the group contract terminates as to the coverage.
- When you are no longer in an Eligible Class. (This may apply to all or part of your coverage.)
- When you fail to make any required contribution.

Your Employer will notify Aetna of the date your employment ceases for the purposes of termination of coverage under this Plan. This date will be either the date you cease active work or the day before the next premium due date following the date you cease active work. Your Employer will use the same rule for all employees. If you are not at work on this date due to one of the following, employment may be deemed to continue up to the limits shown below.

If you are not at work due to disease or injury, your employment may be continued until stopped by your Employer, but not beyond 12 months from the start of the absence.

If you are eligible as a permanently and totally disabled employee under the terms of the Eligibility section, your employment may be deemed to continue for Life Insurance while you remain eligible under that section.

If you are not at work due to temporary lay-off or leave of absence, your employment may continue until stopped by your Employer, but not beyond the end of the policy month after the policy month in which the absence started. The term "policy month" is defined elsewhere in the group contract. See your Employer for this definition.

The Summary of Coverage may show an Eligible Class of retired employees. If you are in that class, your employment may be deemed to continue:

- for any coverage shown in the Retirement Eligibility section; and
- subject to any limits shown in that section.

If no Eligible Class of retired employees is shown, there is no coverage for retired employees.

In figuring when employment will stop for the purposes of termination of any coverage, Aetna will rely upon your Employer to notify Aetna. This can be done by telling Aetna or by stopping premium payments. Your employment may be deemed to continue beyond any limits shown above if Aetna and your Employer so agree in writing.

If you cease active work, ask your Employer if any coverage can be continued.

## Dependents Coverage Only

A dependent's coverage will terminate at the first to occur of:

- Termination of all dependents' coverage under the group contract.
- When a dependent becomes covered as an employee.
- When such person is no longer a defined dependent.
- When your coverage terminates.

*6080, 6160*

GR-9                                                   13

## Handicapped Dependent Children

Life Insurance and Accidental Death and Personal Loss Coverage for your fully handicapped dependent child may be continued past the maximum age for a dependent child. However, such coverage may not be continued if the child has been issued a personal life conversion policy.

*11048*

Your child is fully handicapped if:

- he or she is not able to earn his or her own living because of mental retardation or a physical handicap which started prior to the date he or she reaches the maximum age for dependent children; and
- he or she depends chiefly on you for support and maintenance.

Proof that your child is fully handicapped must be submitted to Aetna no later than 31 days after the date your child reaches the maximum age.

Coverage will cease on the first to occur of:

- Cessation of the handicap.
- Failure to give proof that the handicap continues.
- Failure to have any required exam.
- Termination of Dependent Coverage as to your child for any reason other than reaching the maximum age.

Aetna will have the right to require proof of the continuation of the handicap. Aetna also has the right to examine your child as often as needed while the handicap continues at its own expense. An exam will not be required more often than once each year after 2 years from the date your child reached the maximum age.

*11048*

## Conversion of Life Insurance

*Your Life Insurance*

If any of your Life Insurance ceases because your employment ceases or you are no longer in a class eligible for such insurance, or because of age, pension or retirement, the amount of insurance which ceases (or a lesser amount if desired) may be converted to an individual life insurance policy.

*Your Dependents' Life Insurance*

If any of your Dependents' Life Insurance ceases because:

- your employment ceases;
- you are no longer in a class eligible for such insurance;
- the dependent ceases to be a dependent;
- of a reduction in the dependent's life insurance for any reason; or
- you die;

the amount of insurance which ceases for each dependent (or lesser amounts, if desired) may be converted to individual life insurance policies.

*6200, 6205*

*General Information Concerning The Conversion Privilege*

The converted policy may be any kind of individual policy then customarily being issued by Aetna for the amount being converted and for the individual's age (nearest birthday) on the date it will be issued, except a term policy or one with disability or other supplementary benefits.

When Life Insurance ceases because that part of the group contract discontinues as to your employee class, and insurance on the life of the person has been in force under the group contract for at least 5 years in a row prior to such discontinuance, the amount that ceases less the amount of any group life insurance for which the person becomes eligible within 31 days of discontinuance may be converted to an individual policy. The maximum amount that can be converted by each person in any event is $ 10,000.

In order to convert, written application must be made for an individual policy and the first premium must be paid on it within 31 days after cessation of insurance for any of the above reasons.

No evidence of insurability will be required.

The individual policy will become effective at the end of the 31 day period during which conversion is possible.

The premiums for the converted policy will be at Aetna's then customary rates for the same policy issued to any other person of the same class of risk and age at the time the converted policy is to become effective.

After an individual policy becomes effective for any person, that policy will be in exchange for all benefits and privileges under the group contract as regards the person involved and the amount that could have been converted.

## Life Insurance After Termination

In most cases a person can apply for an individual policy under the Conversion Privilege within 31 days after his or her Life Insurance ceases. If a person dies during this 31 days and before the individual policy goes into effect, the amount payable under the group contract is limited to the maximum that could have been converted. This limit applies even if he or she has not applied for or paid the first premium on the individual policy.

*6210, 6160*

## Legal Action (Does not apply to Life Insurance)

No legal action can be brought to recover under any benefit after 3 years from the deadline for filing claims.

Aetna will not try to reduce or deny a benefit payment on the grounds that a condition existed before a person's coverage went into effect, if the loss occurs more than 2 years from the date coverage commenced. This will not apply to conditions excluded from coverage on the date of the loss.

*6470-1*

## Additional Provisions

The following additional provisions apply to your coverage.

- You cannot receive multiple coverage under this Plan because you are connected with more than one Employer.
- In the event of a misstatement of any fact affecting your coverage under this Plan, the true facts will be used to determine the coverage in force.

This document describes the main features of this Plan. Additional provisions are described elsewhere in the group contract. If you have any questions about the terms of this Plan or about the proper payment of benefits, you may obtain more information from your Employer or, if you prefer, from the Home Office of Aetna.

Your Employer hopes to continue this Plan indefinitely but, as with all group plans, this Plan may be changed or discontinued with respect to all or any class of employees.

*6470*

## Assignments

Life Insurance may be assigned with the consent of Aetna and your Employer. All other coverage may be assigned only with the written consent of Aetna.

## Claims of Creditors

If allowed by law, Life Insurance and Accidental Death and Personal Loss Coverage benefits are exempt from legal or equitable process for your debts. This also applies to the debts of your beneficiary.

## Beneficiaries

You may name or change your beneficiary by filing written request at your Employer's headquarters or at Aetna's Home Office. Ask your Employer for the forms. The naming or any change will take effect as of the date you execute the request. Aetna will be fully discharged of its duties as to any payment made by it before your request is received at its Home Office.

Any amount payable to a beneficiary will be paid to those you name. Unless you state to the contrary, if more than one beneficiary is named, they will share on equal terms.

If a named beneficiary dies before you, his or her share will be payable in equal shares to any other named beneficiaries who survive you.

If no named beneficiary survives you or if no beneficiary has been named, payment will be made as follows to those who survive you:

- Your spouse, if any.
- If there is no spouse, in equal shares to your children.
- If there is no spouse or child, to your parents, equally or to the survivor.
- If there is no spouse, child, or parent, in equal shares to your brothers and sisters.
- If none of the above survives, to your executors or administrators.

*6430, 6400, 6475*

## Reporting of Claims

A claim must be submitted to Aetna in writing. It must give proof of the nature and extent of the loss. Your Employer has claim forms.

*6320*

All claims should be reported promptly. The deadline for filing a claim for any benefits is 90 days after the date of the loss causing the claim. The deadline does not apply to Life Insurance.

*6320*

If, through no fault of your own, you are not able to meet the deadline for filing claim, your claim will still be accepted if you file as soon as possible. Unless you are legally incapacitated, late claims will not be covered if they are filed more than one year after the deadline.

*6320*

## Payment of Benefits

*6350, 9265*

Benefits will be paid as soon as the necessary proof to support the claim is received. For all benefits except any Temporary Disability Benefit, written proof must be provided. Any death benefit for your loss of life will be paid in one lump sum and in accordance with the beneficiary designation.

*6350, 9265*

All other benefits are payable to you.

*6350, 9265*

Any unpaid balance will be paid within 30 days of receipt by Aetna of the due written proof. This paragraph does not apply to Life Insurance for employees located in states other than New Jersey and Utah.

*7693*

If your beneficiary is a minor or, in Aetna's opinion, legally unable to give a valid release for payment of any Life Insurance benefit, the benefit will be payable to the guardian of the estate of the minor, or to the Custodian under the Uniform Transfer to Minors Act, or an adult caretaker, when permitted under applicable state law.

*6350, 9265*

Aetna may pay up to $ 1,000 of any other benefit to any of your relatives whom it believes fairly entitled to it. This can be done if the benefit is payable to you and you are a minor or not able to give a valid release. It can also be done if a benefit is payable to your estate.

*6350, 9265*

GR-9

# Glossary

The following definitions of certain words and phrases will help you understand the benefits to which the definitions apply. Some definitions which apply only to a specific benefit appear in the benefit section. If a definition appears in a benefit section and also appears in the Glossary, the definition in the benefit section will apply in lieu of the definition in the Glossary.

*9990*

## Airbag
An airbag is:

* an unaltered airbag installed by the manufacturer of the **motor vehicle**; or
* an airbag:

    provided by the manufacturer of the **motor vehicle**; and

    installed by an authorized **motor vehicle** dealer.

## Coma
This means the condition of being comatose.

## Comatose
This means a profound state of unconsciousness from which the person cannot be aroused to consciousness, even by powerful stimulation, as certified by a physician.

## Legally Licensed Child Care Center
This is a facility which is duly licensed, certified, or accredited by the jurisdiction in which it is located to provide child care and is operating in compliance with applicable laws and regulations of the jurisdiction.

## Motor Vehicle
This is a vehicle that is a registered and licensed vehicle and is:

* a passenger land vehicle of pleasure design which includes autos, vans, four-wheel drive vehicles, and self-propelled motor homes; or
* a truck of commercial design.

For purposes of the **Passenger Restraint** and **Airbag** Benefit only, the following will not be considered to be a motor vehicle:

* a motor vehicle which has been altered and no longer meets the licensing and registration requirements; or
* a motorcycle; or
* an "ATV" All Terrain Vehicle; or
* a military vehicle; or
* a vehicle while being used for farming or racing or any other type of competitive event.

## Passenger Restraint
This is a restraint that is:

* an unaltered seat belt or lap and shoulder restraint installed by the manufacturer of the **motor vehicle**; or
* a seat belt or lap and shoulder restraint;

    provided by the manufacturer of the **motor vehicle**; and

installed by an authorized **motor vehicle** dealer; and

- any child restraint device which is properly secured in the **motor vehicle** and meets the definition of the law of the state in which the **motor vehicle** is licensed and registered.

## Third Degree Burn

A third-degree burn or a full thickness burn is the most severe of the three burns extending near or to the bone.

## Confidentiality Notice

Aetna considers personal information to be confidential and has policies and procedures in place to protect it against unlawful use and disclosure. By "personal information," we mean information that relates to a member's physical or mental health or condition, the provision of health care to the member, or payment for the provision of health care or disability or life benefits to the member. Personal information does not include publicly available information or information that is available or reported in a summarized or aggregate fashion but does not identify the member.

When necessary or appropriate for your care or treatment, the operation of our health, disability or life insurance plans, or other related activities, we use personal information internally, share it with our affiliates, and disclose it to health care providers (doctors, dentists, pharmacies, hospitals and other caregivers), payors (health care provider organizations, employers who sponsor self-funded health plans or who share responsibility for the payment of benefits, and others who may be financially responsible for payment for the services or benefits you receive under your plan), other insurers, third party administrators, vendors, consultants, government authorities, and their respective agents. These parties are required to keep personal information confidential as provided by applicable law.

Some of the ways in which personal information is used include claim payment; utilization review and management; coordination of care and benefits; preventive health, early detection, vocational rehabilitation and disease and case management; quality assessment and improvement activities; auditing and anti-fraud activities; performance measurement and outcomes assessment; health, disability and life claims analysis and reporting; health services, disability and life research; data and information systems management; compliance with legal and regulatory requirements; formulary management; litigation proceedings; transfer of policies or contracts to and from other insurers, HMOs and third party administrators; underwriting activities; and due diligence activities in connection with the purchase or sale of some or all of our business. We consider these activities key for the operation of our health, disability and life plans. To the extent permitted by law, we use and disclose personal information as provided above without member consent. However, we recognize that many members do not want to receive unsolicited marketing materials unrelated to their health, disability and life benefits. We do not disclose personal information for these marketing purposes unless the member consents. We also have policies addressing circumstances in which members are unable to give consent.

To obtain a copy of our Notice of Information Practices, which describes in greater detail our practices concerning use and disclosure of personal information, please call 1-866-825-6944 or visit our Internet site at www.aetna.com.

**Continuation of Coverage During an Approved Leave of Absence Granted to Comply With Federal Law**

This continuation of coverage section applies only for the period of any approved family or medical leave (approved FMLA leave) required by Family and Medical Leave Act of 1993 (FMLA). If your Employer grants you an approved FMLA leave for a period in excess of the period required by FMLA, any continuation of coverage during that excess period will be subject to prior written agreement between Aetna and your Employer.

If your Employer grants you an approved FMLA leave in accordance with FMLA, your Employer may allow you to continue coverage for which you are covered under the group contract on the day before the approved FMLA leave starts. This includes coverage for your eligible dependents.

At the time you request the leave, you must agree to make any contributions required by your Employer to continue coverage. Your Employer must continue to make premium payments.

If any coverage your Employer allows you to continue has reduction rules applicable by reason of age or retirement, the coverage will be subject to such rules while you are on FMLA leave.

Coverage will not be continued beyond the first to occur of:

- The date you are required to make any contribution and you fail to do so.
- The date your Employer determines your approved FMLA leave is terminated.
- The date the coverage involved discontinues as to your eligible class.

Any coverage being continued for a dependent will not be continued beyond the date it would otherwise terminate.

If the group contract provides continuation of coverage (for example, upon termination of employment), you (or your eligible dependents) may be eligible for such continuation on the date your Employer determines your approved FMLA leave is terminated or the date of the event for which the continuation is available.

If you acquire a new dependent while your coverage is continued during an approved FMLA leave, the dependent will be eligible for the continued coverage on the same terms as would be applicable if you were actively at work, not on an approved FMLA leave.

If you return to work for your Employer following the date your Employer determines the approved FMLA leave is terminated, your coverage under the group contract will be in force as though you had continued in active employment rather than going on an approved FMLA leave provided you make request for such coverage within 31 days of the date your Employer determines the approved FMLA leave to be terminated. If you do not make such request within 31 days, coverage will again be effective under the group contract only if and when Aetna gives its written consent.

If any coverage being continued terminates because your Employer determines the approved FMLA leave is terminated, any Conversion Privilege will be available on the same terms as though your employment had terminated on the date your Employer determines the approved FMLA leave is terminated.

## Claim Procedures

Your booklet-certificate contains information on reporting claims. Claim forms may be obtained at your place of employment. These forms tell you how and when to file a claim.

**Note: If applicable state law requires the Plan to take action on a claim or appeal within a shorter timeframe, the shorter period will apply.**

You may file claims for Plan benefits, and appeal adverse claim decisions, either yourself or through an authorized representative.

An "authorized representative" means your legal spouse or adult child, or a person you authorize, in writing, to act on your behalf. In addition, the Plan will recognize a court order giving a person authority to submit claims on your behalf.

### Filing Life Claims under the Plan

You will be notified of an adverse benefit determination not later than 90 days after the Plan's receipt of the claim. This time period may be extended up to an additional 90 days due to special circumstances. In that case, you will be notified of the extension before the end of the initial 90-day period. Notice of the extension will explain the special circumstances requiring the extension and the date by which a decision is expected.

### Filing Premium Waiver, DBO or DBO-AID Claims under the Plan

You will be notified of an adverse benefit determination not later than 45 days after the Plan's receipt of the claim. This time period may be extended up to an additional 30 days due to circumstances outside the Plan's control. In that case, you will be notified of the extension before the end of the initial 45-day period. If a decision cannot be made within this 30 day extension period due to circumstances outside the Plan's control, the time period may be extended up to an additional 30 days, in which case you will be notified before the end of the first 30 day extension period. Notice of the extension will explain the special circumstances requiring the extension and the date by which a decision is expected.

If your claim is denied in whole or in part, you will receive a written notice of the denial from Aetna Life Insurance Company. The notice will explain the reason for the denial and the review procedure.

## Filing an Appeal of an Adverse Benefit Determination
### Life Claims

You may request a review of the denied claim. You will have 60 days following receipt of an adverse benefit decision to appeal the decision. The request must be submitted, in writing, and include your reasons for requesting the review. Submit your request to the office of the Aetna Life Insurance Company to which you submitted your initial request for benefit payment. You will be notified of the decision not later than 60 days after the appeal is received. If an extension of time for processing the appeal is needed, the time period may be extended up to an additional 60 days, in which case you will be notified prior to the end of the first 60 day period. The notice will indicate the special circumstances requiring an extension and the date by which a decision is expected.

### Premium Waiver, DBO or DBO-AID Claims

You may request a review of the denied claim. You will have 180 days following receipt of an adverse benefit decision to appeal the decision. The request must be submitted, in writing, and include your reasons for requesting the review. Submit your request to the office of the Aetna Life Insurance Company to which you submitted your initial request for benefit payment. You will be notified of the decision not later than 45 days after the appeal is received. If an extension of time for processing the appeal is needed, the time period may be extended up to an additional 45 days, in which case you will be notified prior to the end of the first 45 day period. The notice will indicate the special circumstances requiring an extension and the date by which a decision is expected.

You may submit written comments, documents, records and other information relating to your claim, whether or not the comments, records or information were submitted in connection with the initial claim. You may also request that the Plan provide you, free of charge, copies of all documents, records, and other information relevant to the claim.

## Assistance with Your Questions

If you have any questions about your Plan, you should contact the Plan Sponsor.

Firm 25158

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF    )
    )
SABRINA DANLEY,    )    08CV1760    TC
    )
    Petitioner,    )    JUDGE KENNELLY
    )    MAGISTRATE JUDGE VALDEZ
    )
and    )
    )    No. 95 D 16041
MICHAEL DANLEY,    )
    )
    Respondent.    )
    )
AETNA LIFE INSURANCE COMPANY,    )
    )
    Third Party Respondent.    )

TYPED WRITTEN ORDER OF 2/20/08

## ORDER

THIS CAUSE COMING ON TO BE HEARD on the Emergency Petition for Rule to Show Cause against Michael Danley; Emergency Petition for Temporary Restraining Order and Preliminary Injunction; Complaint to Join Third Party Defendant and Emergency Petition for Temporary Restraining Order and Preliminary Injunction, due notice having been given; respondent appearing in court and the court being advised in the premises; IT IS HEREBY ORDERED:

1. A Temporary Restraining Order is entered against Michael Danley enjoining and restraining him from cashing any checks payable to him from life insurance proceeds received from Aetna Life Insurance Co. policy #622733 until March 5, 2008.

2. Status on Petition for Rule and extension of temporary restraining order is continued to March 17, 2008 at 9:30 a.m.

3. Aetna Life Insurance is joined as a Third Party Defendant with Summons to issue and Aetna Life Insurance Company is enjoined and restrained from disbursing funds due Michael Danley under policy #622733 on the life of Ayesha Danley until March 5, 2008.

So Ordered February 20, 2008
Judge Barbara Riley

LeVine, Wittenberg & Shugan
18400 Maple Creek Drive
Tinley Park, IL 60477
708-444-4333