**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS**

| | |
|---|---|
| In Re the Marriage of ) | |
| ) | |
| SABRINA DANLEY ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No: 1:08-cv-1760 |
| -vs- ) | |
| ) | Hon. Matthew Kennelly |
| MICHEAL DANLEY ) | |
| ) | Courtroom 2103 |
| Respondent, ) | |
| ) | |
| AETNA LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Third-Party Respondent. ) | |

**AETNA LIFE INSURANCE COMPANY'S
MOTION TO DISMISS AND
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

NOW COMES, Third-Party Respondent, AETNA LIFE INSURANCE COMPANY ("Aetna"), by and through its attorney, Philip Stephens Holloway, of the law firm of Gonzalez, Saggio and Harlan, L.L.C., pursuant to FRCP 12(b)(6) and presents its Motion to Dismiss, Petitioner, SABRINA DANLEY'S ("Ms. Danley"), Third-Party Complaint. In support of its Motion to Dismiss, Aetna states as follows:

**I.  INTRODUCTION**

Ms. Danley seeks to recover from her ex-husband, Michael Danley ("Mr. Danley"), $27, 838.95 in child support arrearages and statutory interest. Mr. Danley and Ms. Danley are beneficiaries of an employer-sponsored life insurance policy ("Policy") provided to their now-deceased daughter, Ayesha Danley ("Ayesha"). Aetna issued the Policy to Ayesha's former

employer. Ayesha died on January 12, 2008. On February 25, 2008, Ms. Danley filed a Third-Party Complaint ("Complaint") in the Circuit Court of Cook County, seeking to add Aetna as a third party. A true and correct copy of the Complaint is attached to Aetna's Notice of Removal as Exhibit A. Ms. Danley sued Aetna in an attempt to recover the child support arrearage from Mr. Danley's share of the proceeds from Ayesha's life insurance policy. On March 5, 2008, the state court entered a preliminary injunction that enjoined and restrained Aetna from disbursing funds due to Mr. Danley under the terms of the Policy. On March 26, 2008, Aetna removed this action to the United States District Court for the Northern District of Illinois pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B) and 28 U.S.C. §§1331 and 1441(b). Aetna now moves to dismiss Ms. Danley's Complaint because it fails to state a claim upon which relief may be granted.

**II.   STANDARD OF REVIEW**

A complaint is properly dismissed under Rule 12(b)(6), Fed. R. Civ. P., if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Washington v. Summerville,* 127 F.3d 552, 555 (7th Cir. 1997), *cert. denied,* 523 U.S. 1073 (1998). For purposes of the motion, all well-pleaded facts are taken as true. *Bontkowski v. First National Bank of Cicero,* 998 F.2d 459, 461 (7th Cir. 1993), *cert. denied,* 510 U.S. (1993). However, even under the liberal pleading standards under the federal rules, a complaint requires more than "bald assertions". *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir. 1992), *cert. denied,* 506 U.S. 893 (1992).

**III.   FACTS**

Ms. Danley alleges the following in her Complaint:

(1)   A Judgment for Dissolution of Marriage was entered in the Circuit Court of Cook County on February 22, 1996. (Complaint ¶1).

(2)   On June 24, 2007 an Order for Support was entered which provided that Mr. Danley provide child support to the parties' child, Ayesha Danley ("Ayesha") in the amount of $81.86 per week. (Complaint ¶3).

(3)   Mr. Danley failed to pay child support and is in arrears in the amount of $25,540.32 plus statutory interest in the amount of $2,298.63, for a total sum of $27,838.95. (Complaint ¶4).

(4)   On January 12, 2008, Ayesha died. (Complaint ¶5).

(5)   Ayesha had a life insurance policy #622733 ("Policy") issued by Aetna through Ayesha's employment at Sunrise Senior Living and the Policy provided that the beneficiaries would be Ms. Danley and Mr. Danley (Complaint ¶6). A true and correct copy of the Policy is attached to Aetna's Notice of Removal as Exhibit B.

(6)   Mr. Danley's share of the life insurance policy is approximately $30,000.00 and that Mr. Danley's share of the life insurance policy can satisfy the child support arrearages and interest that he owes to Ms. Danley. (Complaint ¶¶7-9).1

(7)   It is necessary that Aetna be named as a third-party respondent in order to secure the life insurance proceeds that Aetna is about to pay to Mr. Danley under the terms of the Policy. (Complaint ¶10).

On February 20, 2008, a temporary restraining order was entered in the Circuit Court of Cook County and said order enjoined and restrained Aetna from disbursing funds due Mr. Danley as a beneficiary under the terms of the Policy. A true and correct copy of the February 20, 2008 Order is attached to Aetna's Notice of Removal as Exhibit C. On March 5, 2008, a preliminary injunction was entered in the Circuit Court of Cook County which enjoined and restrained Aetna from disbursing funds due Mr. Danley under the terms of the Policy.

---

1 According to information available to Aetna, the total amount of the benefits payable under the Policy is $30,000.00.

3

**IV.    ARGUMENT**

Ms. Danley's Complaint relates to the terms of an employer-sponsored life insurance policy that is governed by the ERISA, § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B), a claim that is created by and arises under federal law. ERISA defines an "employee welfare benefit plan" as follows:

> ...any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, **to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants and their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits,** apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1).  The Policy is an insurance plan that provides, *inter alia*, benefits to participants and beneficiaries of the Policy in the event of death.  Therefore, it is an "employee welfare benefit plan" subject to the provisions of ERISA.

ERISA mandates that its provisions "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." *See* 29 U.S.C. 1144(a).  ERISA also requires that welfare benefit plans be strictly administered according to their terms. *See* 29 U.S.C. 1104(a)(1)(D) and *T.J. Kennedy v. Connecticut General Life Insurance Co.*, 924 F.2d 698, 700 (7th Cir. 1991).  In the present case, the Policy requires that the plan pay Ayesha's parents, Ms. Danley and Mr. Danley. *See* Policy, p. 16, attached to Aetna's Notice of Removal as Exhibit C.  The Complaint, and the resultant preliminary injunction, however, improperly seek to force Aetna to pay according to terms other than those identified in the Policy.

The Complaint fails to state allegations that would in any way allow Aetna to depart from the ERISA requirement that welfare benefits plans such as the Policy are to be strictly administered according to their terms. Ms. Danley is ostensibly attempting to attach or garnish Mr. Danley's portion of the proceeds from the Policy so that she may recover the alleged child support arrearage owed by Mr. Danley.[2] Ms. Danley, however, fails to plead a single allegation that indicates that she is in fact availing herself of the garnishment procedure under Illinois law. Instead, Ms. Danley merely seeks to add Aetna as a third party in order to "secure [Mr. Danley's] life insurance proceeds that they are to pay out to [Mr. Danley]." Ms. Danley's Complaint has failed to plead a legal basis under Illinois law or federal law that would permit Aetna to pay benefits under the Policy in any manner other than by the Policy's terms. Therefore, Ms. Danley's Complaint fails to state a claim for which relief may be granted and should be dismissed with prejudice.

WHEREFORE, for the reasons stated above, Aetna respectfully requests that this Court dismiss Ms. Danley's Complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).

Respectfully submitted,

s/Philip S. Holloway
Philip S. Holloway
35 East Wacker Drive, Suite 500
Chicago, IL 60601
Phone 312- 236-0475
Fax     312-236-1750
E-mail: philip_holloway@gshllc.com

**ATTORNEYS FOR DEFENDANT AETNA LIFE INSURANCE COMPANY**

---

[2] ERISA appears to allow a judgment creditor to garnish ERISA welfare plan benefits. *See Mackey v. Lanier Collections Agency & Service, Inc.*, 486 U.S. 825, 841, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988)(ERISA does not forbid garnishment of welfare benefit plan even where purpose thereof is to collect judgments against plan participants).